UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| David Laufer | James Fitzgerald |
| | Jason Bendel |

**Proceedings:** **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS' CAUSES OF ACTION FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING AND DECLARATORY RELIEF AND PLAINTIFFS' PRAYER FOR PUNITIVE DAMAGES** (filed 2/13/09)

## I.  INTRODUCTION

The facts and procedural history of this case are known to the parties and summarized in the Court's January 26, 2009 order denying plaintiff's motion for partial summary judgment.

The present action arises out of an insurance coverage dispute.  On October 18, 2005, plaintiffs Metropolitan Business Management, Inc. ("MBM") and John Khaki filed the instant action against defendant Allstate Insurance Co. ("Allstate") in Los Angeles County Superior Court alleging (1) breach of contract; (2) tortious breach of the implied covenant of good faith and fair dealing; and (3) declaratory relief.  On November 23, 2005, defendant timely removed to this Court on the basis of diversity of citizenship.

On May 26, 2006, this Court granted summary judgment for defendant.  Plaintiffs timely appealed to the Ninth Circuit Court of Appeals.  On June 11, 2008, the Ninth Circuit reversed this Court's grant of summary judgment and remanded the case for further proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

On January 26, 2009, this Court denied plaintiffs' motion for summary judgment. The Court denied plaintiffs' motion as to their breach of contract claim because factual disputes existed as to which policy form applied and whether plaintiffs were covered as "additional insureds" or "mortgagee insureds." The Court further denied plaintiffs' motion as to their breach of the implied covenant of good faith and fair dealing claim because the Court could not conclude that plaintiffs were unequivocally entitled to coverage.

On February 13, 2009, defendant filed the instant motion for summary judgment. On March 1, 2009, plaintiffs filed their opposition. On March 9, 2009, defendant filed its reply. A hearing was held on March 16, 2009. After carefully considering the parties' arguments, the Court finds and concludes as follows.[1]

## II. BACKGROUND

### A. The Policy

On December 29, 1987, Dominick Annino issued a Note Secured by Deed of Trust to MBM in the amount of $250,000 (the "Annino Note"). SUF ¶ 1. On March 7, 1988, Annino executed the Deed of Trust which secured the Annino Note and encumbered the property at 29244 Greenwater Road in Malibu, California (the "Greenwater property"). SUF ¶ 2. On October 3, 1988, Allstate issued the Landlords Package Policy, policy No. 014112981 ("the policy"), to Annino for the Greenwater property. At the time the policy was issued, MBM was a mortgagee of the Greenwater property and the form of the policy was form AU9700. SUF ¶ 7. The policy remained in place until February 7, 2001. SUF ¶ 4. On or about February 21, 2001, the Greenwater property was sold to Eliot and Cyndi Felman and the Deed of Trust was reconveyed. SUF ¶ 3.

On March 29, 1995, MBM gave notice to defendant that it was the management

---

[1] The Court denies defendant's motion to strike the declaration of Edwin Duncan in opposition to defendant's motion for summary judgment, filed on March 9, 2009. However, the Court notes defendant's objections and will not consider Duncan's declaration to the extent that it is "argumentative" and "editorial" in nature.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

company for the Greenwater property and requested that it be named as an additional insured under the policy. SUF ¶5. At this time, the form of the policy was still Form AU9700. SUF ¶8. The parties dispute whether MBM was actually added as an additional insured. At some point, the policy was changed from form AU9700 to form AP529. SUF ¶10. Allstate never notified MBM that the terms and form of the policy had changed. SUF ¶10-11.

MBM tendered its defense to defendant on July 31, 2001. SUF at ¶12. Allstate rejected MBM's tender of defense. SUF at ¶14-15. MBM successfully defended the Felman lawsuit and obtained summary judgment on February 28, 2005. SUF at ¶16. MBM paid $387,153.43 in attorney's fees and costs during the course of defending the lawsuit. SUF at ¶17.

### B. The Underlying Action

On May 18, 2001, the Felmans sued MBM for fraud and conspiracy seeking damages on the grounds that MBM had made misrepresentations with respect to the amount owing on its deed of trust encumbering the Greenwater property. In the underlying action, the Felmans alleged that on or about June 12, 1998, they contracted with Annino to purchase the Greenwater property. The Felmans also alleged that Annino thereafter refused to perform under the agreement, prompting them to bring suit against him for specific performance of the agreement. The Felmans allegedly prevailed in their suit, obtaining a court order for specific performance of the agreement on July 13, 2000. The Felmans alleged that thereafter, MBM and Khaki intentionally and falsely misrepresented that Annino owed over one million dollars on the Greenwater property to

> induce the [Felmans] to believe that the Property was unmarketable, fraudulently delay or otherwise thwart the completion of the sale of the Property to [the Felmans], push the [Felmans] to accept a higher purchase price by misleading them with regard to the state of the Property, to otherwise fraudulently interfere with the transfer of the Property, to obtain payment on a note that had been paid off, . . . and to force Plaintiffs to resolve the matter on terms that they would have otherwise not accepted but for the fraudulent demand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

With respect to the relationship between MBM, Khaki and Annino, the Felman's first amended complaint alleged that "Defendants, and each of them, . . .were the agents and employees of each of the Defendants, and in doing the things herein alleged, each Defendant was acting within the course and scope of such agency and employment, and with the knowledge and consent and ratification of the remaining Defendants."

### C.    The Court's May 26, 2006 Summary Judgment Ruling

On May 26, 2006, the Court denied defendant's motion for summary judgment on the ground that plaintiffs were not covered under the policy because the underlying complaint raised the possibility that MBM and Khaki were "employees" of Annino, and therefore "insured persons" under the express terms of either a form AP529 or form AU9700 policy. However, the Court granted defendant's motion for summary judgment on the ground that the Felmans' allegations against plaintiffs did not potentially fall within the ambit of the terms "bodily injury, personal injury, or property damage" as defined by the policy issued to Annino.

On June 11, 2008, the Ninth Circuit reversed this Court's May 26, 2006 order. Assuming that policy form AU9700 applied, the Ninth Circuit held that the policy lists several causes of action under its definition of "personal injury," including "misrepresentation." The Ninth Circuit further held that under the policy language and California law, the word "misrepresentation" encompassed the causes of action for fraud in the underlying action and remanded the case for further proceedings.

### D.    The Court's January 26, 2009 Summary Judgment Ruling

On January 26, 2009, the Court denied plaintiffs' motion for summary judgment as to their breach of contract claim because factual disputes existed as to which policy form applied and whether plaintiffs were covered as "additional insureds" or "mortgagee insureds." The Court further denied plaintiffs' motion as to their bad faith claim because the Court could not conclude that plaintiffs were unequivocally entitled to coverage.

### III.    LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

**IV.    DISCUSSION**

   **A.    Breach of Contract Claim**

In its January 26, 2009 order, the Court denied plaintiffs' motion for summary judgment as to their breach of contract claim. The Court held that "a factual dispute exists as to which policy form applies and therefore, the Court cannot grant plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

motion for summary judgment." January 26, 2009 Order at 8. The Court further held that (1) it could not conclude as a matter of law that plaintiffs were covered as "mortgagee insureds" because it appeared that they would not be covered under policy form AP529; and (2) "a genuine issue of material fact exists as to whether plaintiffs were covered as 'additional insureds.'" Id. at 10-11.

In the instant motion, defendant repeats the arguments it made in opposition to plaintiff's motion for summary judgment. The Court concludes, as it did in its January 26, 2009 order, that genuine issues of material fact exist as to which policy form applies and whether plaintiffs were covered as "additional insureds" or "mortgagee insureds." Therefore, the Court denies defendant's motion as to plaintiff's breach of contract claim.

### B.  Breach of Covenant of Good Faith and Fair Dealing

In its January 26, 2009 order, the Court denied plaintiffs' motion for summary judgment as to their claim for breach of the implied covenant of good faith and fair dealing. The Court held that it

> cannot conclude that plaintiffs' bad faith claim should be granted as a matter of law. The Court has not found that plaintiffs were unequivocally entitled to coverage and therefore declines to grant summary judgment on plaintiffs' bad faith claim.

January 26, 2009 Order at 12.

Defendant argues that it is entitled to summary judgment on plaintiffs' bad faith claim because it did not breach the insurance contract and there can be no finding of bad faith in the absence of a breach of contract. Mot. at 18. Defendant further argues that it cannot be liable in bad faith, even if it might be liable for breach of contract, because there is a genuine dispute as to coverage. Id. Moreover, defendant argues that it did not act unreasonably or without proper cause in denying coverage. Id. at 19-20.

An insurer denying the payment of policy benefits due to the existence of a genuine dispute with its insured as to coverage is not liable in bad faith, even though it might be liable for breach of contract. Chateau Chamberay Homeowners Ass'n v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

Associated Int'l Ins. Co., 90 Cal. App. 4th 335, 346 (2001). A genuine dispute exists only where the insurer's position is maintained in good faith and on reasonable grounds. Wilson v. 21st Century Ins. Co., 42 Cal.4th 713, 723 (Cal. 2007). The reasonableness of an insurer's conduct in handling claims is ordinarily a question of fact. Chateau, 90 Cal. App. 4th at 347. This "genuine dispute" rule does not alter the standards for deciding and reviewing motions for summary judgment. Id. This rule "allows a district court to grant summary judgment when it is undisputed or indisputable that the basis for the insurer's denial of benefits was reasonable – for example, where even under the plaintiff's version of the facts there is a genuine issue as to the insurer's liability under California law." Amadeo v. Principal Mut. Life Ins. Co. 290 F.3d 1152, 1161 (9th Cir. 2002). However, "an insurer is not entitled to judgment as a matter of law where, viewing the facts in the light most favorable to the plaintiff, a jury could conclude that the insurer acted unreasonably." Id. at 1162.

The Court concludes that defendant is not entitled to summary judgment on plaintiffs' bad faith claim. Plaintiffs allege that defendant acted in bad faith by: (1) concealing policy form AU9700 from MBM for over six months after this lawsuit commenced; (2) concealing policy form AU9700 from the Court and requesting summary judgment based on policy form AP529; (3) denying that MBM was an additional insured notwithstanding an admission by its staff claim analyst in 2001, an admission by its coverage counsel in 2002, and its business records and documents of original entry; (4) denying that MBM was a mortgagee insured even tough defendant admitted on July 23, 2001, that MBM was a mortgagee insured from at least March 29, 1995; (5) refusing to act in accordance with the holding of this Court that MBM is an insured; (6) refusing to act in accordance with the Ninth Circuit's holding that policy form AU9700 provides coverage for the claims alleged in the Felman lawsuit; and (7) attempting to abandon its admission on May 1, 2006, that the distinction between policy form AU9700 and policy form AP529 is "of no consequence" because "both offer substantially similar coverage." Viewing these facts "in the light most favorable to the plaintiff, a jury could conclude that the insurer acted unreasonably." Amadeo, 290 F.3d at 1162.

    **C.**    **Plaintiffs' Claim for Punitive Damages**

Defendant argues that plaintiffs' claim for punitive damages fails as a matter of law. Mot. at 20. Defendant contends that plaintiff does not allege any facts

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

demonstrating that defendant is guilty of "malice, oppression, or fraud." Id. at 21 (citing Cal. Civ. Code § 3294). Defendant further argues that in the insurance context, "evidence of bad faith, without more, is insufficient to support a claim for punitive damages." Id. (citing Stewart v. Truck Ins. Exch., 17 Cal. App. 4th 468, 483 (1993)). Defendant contends that plaintiffs have failed to show "malice, oppression, or fraud" by "clear and convincing evidence." Id. at 22.

Plaintiffs respond that they have presented "clear and convincing evidence of Allstate's oppression, fraud, and malice." Opp'n at 16. Plaintiffs argue that defendant's misrepresentation was fraudulent because it "knew that its authorized agents – Price, Haddad and Prager – had verified MBM's status as an additional insured." Id. Plaintiffs further argue that defendant is guilty of malice because it "intended to injure its insured by imposing on its insured . . . the economic burden fo paying more [than] $387,000 in defense costs." Id. (citing Egan v. Mutual of Omaha Ins. Co., 24 Cal. 3d 809, 820 Moreover, plaintiffs contend that defendant's conduct is "despicable" under Cal. Civ. Code § 3294(c)(1) because it "has engaged in a course of conduct concealing original computer records." Id. (citing Duncan Decl. Ex. 7 ("Effective 2-11-87 to 2-7-01 for proper at 29244 Greenwater Road, Malibu. MBM is listed as an addl insured.")).

Pursuant to Cal. Civ. Code § 3294, punitive damages may be recovered "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). "Punitive damages should not be allowable upon evidence that is merely consistent with the hypothesis of malice, fraud, gross negligence or oppressiveness. Rather some evidence should be required that is inconsistent with the hypothesis that the tortious conduct was the result of a mistake of law or fact, honest error of judgment, over-zealousness, mere negligence or other such noniniquitous human failing." Tomaselli v. Transamerica Ins. Co., 25 Cal. App. 4th 1269, 1288 (1994). In ruling on a summary judgment motion, "the judge must view the evidence presented through the prism of the substantive [clear and convincing] evidentiary burden." American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton, 96 Cal. App. 4th 1017, 1051 (2002) (internal citations omitted). It is insufficient "to show, by a preponderance of the evidence, that [defendant has] engaged in bad faith claims handling practices." Jordan v. Allstate Ins. Co., 148 Cal. App. 4th 1062, 1080 (2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

The Court concludes that defendant is not entitled to summary judgment on plaintiffs' punitive damages claim.[2]  Under California law, a plaintiff may recover punitive damages if he proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."  Cal. Civ. Code. § 3294(a).  Whether defendant is guilty of oppression, fraud or malice, is "somewhat dependent" on whether defendant "acted in bad faith in refusing to pay the claim."  Nasiri v. Allstate Indem. Co., 41 Fed. Appx. 76, 79 (9th Cir. 2002).  Given that material issues of fact exist as to whether defendant acted in bad faith, the Court cannot conclude as a matter of law that defendant did not act with malice, oppression or fraud.  Id.

**V.    CONCLUSION**

In accordance with the foregoing, defendant's motion for summary judgment is hereby DENIED.


IT IS SO ORDERED.

---

[2] The Court further declines plaintiffs' request, contained in their opposition, for summary adjudication of facts.  Plaintiffs ask the Court to find that they were entitled to coverage and that defendant breached the insurance contract and acted fraudulently.  For the reasons set forth in the Court's January 26, 2009 order, the Court concludes that genuine issues of material fact exist as to these issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |