UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | April 17, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) DEFENDANT'S MOTIONS IN LIMINE TO EXCLUDE EVIDENCE AND TO EXCLUDE NON-PARTY WITNESSES FROM COURTROOM (CONSOLIDATED MOTIONS) (filed 4/1/09)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of April 20, 2009, is hereby vacated, and the matter is hereby taken under submission.

## I.  INTRODUCTION

The facts and procedural history of this case are known to the parties and summarized in the Court's January 26, 2009 Order denying plaintiffs' motion for partial summary judgment.

On April 1, 2009, defendant filed the instant motions in limine. On April 6, 2009, plaintiffs filed their opposition. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.  DISCUSSION

### A.  Motion in Limine No. 1

Defendant seeks to exclude any mention of policy form AU9700 because the "undisputed evidence" demonstrates that the policy at issue was policy form AP529. Mot. at 2. Defendant argues that plaintiffs must "reform the insurance policy to prevail on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | April 17, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

their argument" and until they do so, they should be precluded from presenting any argument that policy form AU9700 applies. Id. at 3.

Plaintiffs respond that defendant is asking the Court to reconsider defendant's motion for summary judgment, which the Court denied on March 16, 2009. Opp'n at 8. Plaintiffs argue that on February 5, 2009, Dick Ray, defendant's person most knowledgeable, disclosed that a Form AU3055 is used to make custom endorsements. Opp'n at 9. Plaintiffs contend that defendant issued a Form AU3055 adding MBM as an additional insured on March 29, 2005. Id. Plaintiffs contend that "[w]ith this additional uncontroverted evidence, the Court is now able to determine as a matter of law . . . that MBM was an additional named insured as of March 29, 1995." Id. at 10.

The Court concludes that defendant's motion should be denied. In its March 16, 2009 Order, the Court held that "genuine issues of material fact exist as to which policy form applies." Defendant has provided no evidence or argument to alter the Court's conclusion. The Court further denies plaintiffs' request for a determination that MBM was an additional named insured as of March 29, 1995. In its March 16, 2009 Order, the Court previously concluded that "a genuine issue of material fact exists as to whether plaintiffs were covered as 'additional insureds" and plaintiff's "additional evidence" does not alter this conclusion.

### B. Motion in Limine No. 2

Defendant seeks to exclude any argument that plaintiff is entitled to liability coverage as a mortgagee because "[t]here is no authority supporting the proposition that mortgagees are entitled to liability coverage under an insurance policy for a mortgaged property." Mot. at 4.

Plaintiffs respond that defendant is improperly asking the Court to reconsider defendant's motion for summary judgment. Opp'n at 12.

The Court concludes that defendant's motion should be denied because it previously concluded that "[g]enuine issues of material fact exist as to . . . whether plaintiffs were covered as 'additional insureds' or 'mortgagee insureds.'" March 16, 2009 Order at 6. It is for the jury to decide whether plaintiffs are entitled to coverage as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | April 17, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

"mortgagee insureds."

### C.  Motion in Limine No. 3

Defendant seeks to exclude any argument that it was required to provide plaintiffs with notice of a policy change because "case law is clear that only a named insured or additional named insured is entitled to notice of a policy change." Mot. at 4.

Plaintiffs respond that defendants were required to give MBM notice of the policy change pursuant to Form AU9700, which states that defendant shall "give the mortgagees at least 10 days notice if we cancel or refuse to continue or renew this policy." Opp'n at 15. Plaintiffs argue that defendant "knew that MBM was a mortgagee insured and cannot ignore the duty imposed by its policy to give notice." Id.

The Court concludes that defendant's motion should be denied. In its January 26, 2009 Order, the Court held that it "cannot conclude that plaintiffs were covered as named insureds or additional named insureds under the policy and therefore cannot conclude that they were entitled to notice of the policy change as a matter of law." January 26, 2009 Order at 8. It is for the jury to decide if plaintiffs were covered as named insureds or additional named insureds and were therefore entitled to notice of the policy change.

### D.  Motion in Limine No. 4

Defendant seeks to exclude evidence or argument that it was required to provide notice of a policy change to MBM as a mortgagee. Mot. at 5. Defendant argues that the policy does not require notice of a policy change to a mortgagee because Form AU9700 states that "[w]e will . . . give the mortgagee at least 10 days notice if we cancel or refuse to continue or renew this policy." Id.

Plaintiffs respond that they were entitled to notice because defendant discontinued the general liability coverage for misrepresentation claims provided in Form AU9700 when it switched to Form AP529. Opp'n at 15. Plaintiff argues that defendant's contention that it was not required to provide notice "because it did not change the policy number . . . exalt[s] form over substance . . . and is pure sophistry." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | April 17, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

The Court concludes that defendant's motion should be denied. Form AU9700 provides that aside from policy changes that broaden coverage, "the policy can be changed only by endorsement" and that "[a]ll provisions of this policy apply to . . . mortgagees." Therefore, the jury may find that defendant was entitled to notice as a mortgagee.

### E.  Motion in Limine No. 5

Defendant seeks to exclude evidence or argument concerning its reasons for substituting policy form AP529 with policy form AU9700. Mot. at 6. Defendant argues that the reasons for the policy form change are not relevant to any issue in the case. Id. Defendant acknowledges that the fact that the policy form changed might be relevant, but that its internal reasons for changing the policy form is irrelevant. Id.

Plaintiffs respond that defendant does not want the jury to know that it switched to Form AP529 to save $2,693,906 in annual costs relating to misrepresentation claims. Opp'n at 16. Plaintiffs argue that this evidence is relevant and material because it explains (1) why defendant's adjuster and coverage counsel ignored evidence of coverage and (2) why defendant's handling procedure intentionally avoided inquiry about earlier policies. Plaintiffs further argue that defendant's "monetary motivation is evidence of bad faith, oppression, fraud and malice." Id. at 18.

The Court concludes that defendant's motion should be denied. The motivation for the policy change is relevant because it provides a possible explanation for why defendant denied coverage and why defendant did not apply policy form AU9700. This probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or considerations of undue delay. Fed. R. Evid. 403.

### F.  Motion in Limine No. 6

Defendant seeks to exclude any evidence or argument that it was negligent. Mot. at 6. Defendant argues that negligence cannot be the basis of a claim against an insurer and that courts have refused to admit evidence of mere negligence in bad faith suits. Id. at 7 (citing Aceves v. Allstate Insur. Co., 68 F.3d 1160 (9th Cir. 1995)). Defendants contend that "[t]here is no probative value of evidence that Allstate acted negligently in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | April 17, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

handling the Plaintiffs' claim." Id.

Plaintiffs respond that defendant is attempting to "subvert this Court's March 16, 2009 Order, by erroneously arguing that evidence of [defendant's] bad faith is really evidence of negligence and should be excluded." Opp'n at 19. Plaintiffs argue that the "ultimate test of bad faith is whether the insured acted unreasonably" and that defendant is attempting to exclude any evidence of unreasonable acts. Id.

The Court concludes that defendant's motion should be denied. In its March 16, 2009 Order, the Court concluded that "[v]iewing the facts 'in the light most favorable to the plaintiff, a jury could conclude that the insurer acted unreasonably.'" March 16, 2009 Order at 7. It is for the jury to decide if defendant's alleged bad acts amount to bad faith or mere negligence.

### G. Motion in Limine No. 7

Defendant seeks to exclude any evidence or argument regarding its claims manuals. Mot. at 7. Defendant argues that its claims manuals are irrelevant in a bad faith case. Id. Defendant contends that plaintiffs may "hope to prove that [defendant] breached some standard of care by not following exactly every point set forth in its own procedures." Id. at 8. Defendant argues that the standard of care is determined by the law, and not by the internal procedure of an insurer. Id. at 9. Defendant contends that allowing plaintiffs to use defendant's internal procedures could lead the jury to base its decision on an erroneous standard or cause confusion. Id.

Plaintiffs respond that insurance policy manuals, claims adjusting manuals, and instructions to adjusters to minimize claims are admissible evidence. Mot. at 20 (citing Chodos v. Ins. Co. of America, 126 Cal. App. 3d 86, 104 (1981)). Plaintiffs argue that defendant's practice is to limit its coverage investigation to the policy that was in effect at the time the claim was made. Id. at 19-20. Plaintiffs further argue that Dick Ray, defendant's designated person most knowledgeable, will testify that defendant's "practices and procedures violate California law because the adjusters limit what they consider." Id. at 21.

The Court concludes that defendant's motion should be denied. Defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | April 17, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

claims manuals are admissible because they can be used to demonstrate bad faith. Chodos v. Ins. Co. of America, 126 Cal. App. at 104. This probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or considerations of undue delay. Fed. R. Evid. 403.

### H.    Motion in Limine No. 8

Defendant seeks to exclude non-party witnesses from the courtroom. Mot. at 10. Defendant argues that the exclusion of witnesses is mandatory if requested by a party. Id. (citing Government of Virgin Islands v. Edinborough, 625 F.2d 472, 474 (3d Cir. 1980)).

Plaintiffs respond that this motion in limine should be denied because it does not concern the admissibility of evidence. Opp'n at 21. However, plaintiffs acknowledge that non-party witnesses should be excluded from the courtroom. Id.

The Court concludes that witnesses shall be excluded from the courtroom. Fed. R. Evid. 615. Plaintiff and defendant may each have one corporate representative at counsel's table during trial, but all other witnesses shall be excluded from the courtroom, unless there is an agreement to the contrary by the parties.

### I.    Motion in Limine No. 9

Defendant seeks to exclude the testimony of plaintiffs' expert Erwin Adler. Mot. at 10. Defendant argues that Mr. Adler does not have the "requisite knowledge, skill, experience, or training to provide a foundation for the testimony he seeks to testify about at trial." Id. Defendant contends that Mr. Adler is an insurance coverage lawyer who has never worked in an insurance company or adjusted any kind of insurance claim. Id. Therefore, defendant argues, Mr. Adler is not qualified to testify as an expert with regard to the standard of care to be employed by insurance adjusters. Id. (citing California Shoppers, Inc. v. Royal Globe Ins. Co., 175 Cal. App. 3d 1, 66-67 (1985)). Defendant further argues that Mr. Adler's testimony lacks foundation because he has not reviewed the entire claim file maintained by defendant with respect to plaintiffs' claim. Id. at 11.

Alternatively, defendant argues that if Mr. Adler is permitted to testify, he should be precluded from making any arguments regarding the law applicable to this case. Id. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | April 17, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

11-12. Defendant contends that Mr. Adler's deposition testimony included several legal conclusions regarding coverage in this case. Id. at 12.

Plaintiffs respond that Mr. Adler is an expert "who has been engaged by both insureds and insurers for all phases of insurance industry activities, including coverage issues." Opp'n at 21-22. Plaintiff argues that Mr. Adler has represented insurance carriers for 30-35 years. Id. at 22. Plaintiff further argues that Mr. Adler reviewed every document provided by defendant and testified that he did not believe defendant had produced all of its files.[1] Id.

The Court concludes that Mr. Adler may testify as to his opinion regarding the standard of care to be employed by insurance adjusters. However, Mr. Adler may not testify as to the ultimate facts, which are to be decided by the jury. Fed. R. Evid. 702-703.

### J. Motion in Limine No. 10

Defendant seeks to exclude evidence or argument concerning the conduct of counsel in this case. Mot. at 12. Specifically, defendant seeks to exclude argument that defendant (1) misrepresented plaintiffs' status as insureds and (2) "concealed" the existence of the governing policy. Id. Defendant contends that both of these arguments "have no foundation, contradict undisputed evidence, and therefore will cause undue prejudice to [defendant] and crate unnecessary delay during the trial." Id.

Plaintiffs respond that defendant seeks to subvert the Court's March 16, 2009 Order denying defendant's summary judgment motion on bad faith. Opp'n at 23. Plaintiffs argue that litigation tactics can constitute bad faith. Id. (citing White v. Western Title Ins. Co., 40 Cal. 2d 870, 886 (1985); Harbor Ins. Co. v. Continental Bank Corp., 922 F.2d 357, 363 (7th Cir. 1991)). Plaintiffs further argue that defense counsel has acted in bad faith by (1) concealing form AU9700 from plaintiffs for more than six

---

[1] Plaintiffs argue that defendant (1) misrepresented the content of its computer records, the applicable policy form, and endorsement form AU3055, and (2) sought to conceal evidence by producing almost illegible copies of "Form 417." Opp'n at 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | April 17, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

months; (2) filing a motion to dismiss and a motion for summary judgment without disclosing the existence of form AU9700; (3) ignoring correspondence from plaintiffs' counsel in 2006 questioning whether there was a policy prior to form AP529; (4) disclosing the existence of form AU9700 to the Court only after plaintiffs informed the Court of defense counsel's concealment; (5) representing to the Court that the distinction between form AU9700 and form AP529 is "of no consequence" because "both offer substantially similar coverage"; (6) denying plaintiffs' status as an additional named insured despite evidence to the contrary; and (7) contending that defendant gave plaintiffs notice of the change in policy forms in opposition to plaintiffs' motion for summary judgment. Id. at 24-25.

The Court concludes that defendant's motion should be denied. In its March 16, 2009 Order, the Court held that a jury could conclude that defendant acted in bad faith. March 16, 2009 Order at 7. Given that the conduct of defense counsel can support a finding of bad faith, the Court concludes that evidence of such conduct should not be excluded. See Harbor Ins. Co. v. Continental Bank Corp., 922 F.2d 357, 363 (7th Cir. 1991).

### III. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES defendant's motions in limine.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |