STROOCK & STROOCK & LAVAN LLP
JAMES E. FITZGERALD (State Bar No. 108785)
Email: jfitzgerald@stroock.com
JASON R. BENDEL (State Bar No. 212774)
Email: jbendel@stroock.com
BRIAN FODERA (State Bar No. 246391)
Email: bfodera@stroock.com
2029 Century Park East
Los Angeles, CA  90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959

Attorneys for Defendant
  Allstate Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METROPOLITAN BUSINESS MANAGEMENT, INC., a California corporation; and JOHN KHAKI, an individual,<br><br>        Plaintiffs,<br><br>    vs.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.  CV05-8306 CAS (CWx)<br><br>Honorable Christina A. Snyder<br><br>DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION TO ALTER OR AMEND FINDINGS PURSUANT TO FRCP 52(B)<br><br>Date: October 19, 2009<br>Time: 10:00 a.m.<br>Courtroom: 5 |

TO:  PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on October 19, 2009, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the United States District Court for the Central District of California, located in Courtroom 5 at 312 N. Spring Street, Los Angeles, CA 90012, Defendant Allstate Insurance Company ("Allstate" or

LA 51186257v1

"Defendant") will and hereby does move the Court pursuant to Rule 52(b) of the Federal Rules of Civil Procedure to alter or amend its findings in this action.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Declaration of Brian Fodera, the pleadings and records on file herein, and such other evidence and arguments as may be presented to the Court prior to or at the hearing on this Motion.

STROOCK & STROOCK & LAVAN LLP
James E. Fitzgerald
Jason R. Bendel
Brian Fodera

By:  /s/   Jason R. Bendel
           Jason R. Bendel
     Attorneys for Defendants
     Allstate Insurance Company

- 1 -

LA 51186257v1

## I. INTRODUCTION

Following the jury verdict, and at the suggestion of the Court, the parties agreed to have a court trial for the punitive damages phase of the trial. After an exchange of briefs and a hearing, the Court made multiple findings, which were required to support its award of $3,000,000 in punitive damages, as set forth in its Order of August 6, 2009. Because Allstate believes that the Court has misconstrued or misunderstood the evidence admitted, it hereby brings this motion to alter or amend the findings of the Court and, thereby, to alter or amend the award of punitive damages. Specifically, the following findings by the Court are not supported by the evidence:

1. That Plaintiffs were financially vulnerable;
2. That the minimal showing of general damages supports the punitive damages award;
3. That Allstate's actions were reprehensible; and,
4. That sufficient evidence of net worth was provided.

In addition, certain issues were not addressed by the Court, and Allstate requests that the Court amend its findings to find:

1. That Allstate was only required to provide notice of a policy form change to a named insured or an additional named insured;
2. That MBM was not entitled to notice of the policy form change in its purported capacity as an additional insured.

## II. ARGUMENT

Federal Rule of Civil Procedure 52(b) states in pertinent part: "On a party's motion … the court may amend its findings — or make additional findings — and may amend the judgment accordingly." While the rule does not restrict the ability of the Court to amend its findings, or to make additional findings, such a motion generally requires an error in law or fact, newly discovered evidence, or a finding that the judgment is unjust. Deutsch v. Burlington Northern R.R. Co., 983 F.2d 741,

LA 51186257v1

744 (7th Cir. 1992). Upon granting the motion, the court alters or amends its findings, and then amends the judgment accordingly.

## A. THE EVIDENCE DOES NOT SUPPORT A FINDING OF FINANCIAL VULNERABILITY.

To support the award for punitive damages, the Court made a finding, without discussion, that Mr. Khaki was "financially vulnerable." Exh. A (Order) to Declaration of Brian Fodera ("Fodera Decl.") at p. 4. However, there is insufficient evidence to make such a finding. Importantly, as discussed in Allstate's JMOL motion, Mr. Khaki has no standing to bring a bad faith claim against Allstate, and therefore his individual financial standing is irrelevant. (See Renewed JMOL Motion, pp. 18-19.) Plaintiffs offered no evidence that MBM was in any way financially vulnerable.

In any case, the evidence does not support the conclusion that Plaintiffs were financially vulnerable. For example, MBM originally (in 1988) funded $250,000 for the note on the subject property. In 2001, MBM received just over $1.1 million for its note, making a profit of $858,000. (See Fodera Decl., Exh. B at MBM 00208.) Even after subtracting $387,000 in attorneys' fees, MBM still enjoyed a profit of over $470,000, and this does not take into account the fees MBM collected over the years as property manager on this and several other properties. See Fodera Decl., Exh. C (RT, 7/1/09 at 20:17-20, 33:5-11 (MBM is an additional insured on "a lot of policies").

While Khaki testified that he withdrew money from savings accounts that were intended for his daughters' college fund, no explanation was offered for this (e.g., that the investment withdrawn was getting a lower return then his other investments, so it made sense to use it first). Importantly, there was *no evidence* as to what percentage of his total assets these payments represented. See Fodera Decl., Exh. C (RT, 7/1/09 at 17:16-18:5). For example, other than customary testimony about the stress of being in a lawsuit, there was no evidence that paying these

- 2 -

LA 51186257v1

1  attorney's fees had *any effect* on the financial status or stability of his family, or any
2  other indication that they were vulnerable.  See Fodera Decl., Exh. C (RT,  7/1/09 at
3  18:22-24).

### B. THE MINIMAL SHOWING OF NON-ECONOMIC DAMAGES DOES NOT SUPPORT THE PUNITIVE DAMAGES AWARD.

6  The second finding which the Court made to support the punitive damages
7  award was that Mr. Khaki "suffered non-economic damages."[1]  (Fodera Decl., Exh.
8  A at p. 4.)  Perhaps because of the minimal evidence provided to support Plaintiffs'
9  claim in this regard, the Court made no findings as to the extent of general damages
10 demonstrated.  Importantly, incidental claims of emotional distress resulting from a
11 denial of coverage, such as Khaki makes here, are insufficient to support a finding of
12 reprehensibility, since such claims do not amount to "physical harm"  Walker v.
13 Farmers Ins. Exchange, 153 Cal. App. 4th 965, 974-475 (2007) (even though
14 plaintiffs were awarded $750,000 in emotional distress damages, there was no
15 evidence of physical harm that would demonstrate reprehensibility); see also
16 Grassilli v. Barr, 142 Cal. App. 4th 1260, 1289-90 (2006) (reducing punitive award,
17 in part because defendant CHP officers "did not cause physical harm" to plaintiff,
18 even though they harassed plaintiff over a prolonged period of time and the jury
19 awarded substantial emotional distress damages).

20 In any case, as discussed in Allstate's new trial motion, the general damages
21 award was excessive in light of the minimal evidence provided to support the award.
22 (See Motion for New Trial, pp. 9-11.)  In fact, it appears that the jury arbitrarily
23 decided to award the face value of the policy ($1 million), and simply subtracted the
24 claimed policy benefits (attorney's fees incurred in the Underlying Action) from this
25 amount to reach the award for general damages. (See id. at pp. 10-11.)  Since the
26 Court's finding, and the subsequent award for punitive damages, are dependent on

---

[1] Since Mr. Khaki has no standing to bring a bad faith claim against Allstate, the award for general damages should be stricken in its entirety. (See, JMOL Motion, pp. ___.)

- 3 -

LA 51186257v1

the award for non-economic damages, insofar as the Court grants Allstate's new trial motion, its findings here must be correspondingly amended.

In addition, the Court erroneously describes the verdict as "general damages of $1,000,000." Fodera Decl., Exh. A at p. 4. While not a finding, this clerical error should be corrected to show that the verdict actually consisted of $387,153.43 in contract damages and $612,846.57 in non-economic damages.  Insofar as this inadvertent error affected the court's punitive damages award, this award should be amended, as discussed in Allstate's Motion for New Trial at pp. 19-20.

## C. THE COURT'S IMPLIED FINDING OF REPREHENSIBILITY IS NOT SUPPORTED.

Other than the two elements above, the Court made no express finding of reprehensibility regarding Allstate, although it did observe that to support any award for punitive damages it was necessary to find the defendant's conduct "so reprehensible as to warrant the imposition of further sanctions" in addition to a presumptively complete award for compensatory damages.  (Fodera Decl., Exh. A at p. 4.)  As discussed above, there is insufficient evidence to support a finding of reprehensibility based on Plaintiffs' claimed financial vulnerability or the award for non-economic damages.  Nor is there evidence to support any implied conclusion – if it were made – that Allstate's conduct here was especially reprehensible, or why.

As discussed in Allstate's new trial motion, the other elements of reprehensibility are similarly unsupported by the evidence here.  The only alleged harm caused by Allstate was economic, i.e., the cost of defending the Felman lawsuit, though this is a *mitigating* rather than an aggravating factor when considering excessiveness of punitive damages.  BMW of N. Amer., Inc. v. Gore, 517 U.S. 559, 576 (1996).  There is no allegation that Allstate caused physical injury or disregarded the health or safety of others.  This is also an isolated incident, based on a unique set of facts, demonstrated by the fact that the parties have been unable to find a single prior example of a mortgagee claiming liability coverage.  Finally, there

- 4 -

1  is no evidence of intentional malice, trickery or deceit by Allstate, as the testimony
2  demonstrates a sincere belief by the Allstate personnel involved that the policy in
3  place at the time of the relevant events was the governing policy, and plaintiffs
4  conceded that the existing policy provided no coverage. See Fodera Decl., Exhs. D,
5  E (RT, 6/30/09 at 93:7-94:1, 7/7/09 at 53:16-54:5.) For that matter, before Plaintiffs'
6  counsel filed this lawsuit, it simply never occurred to anyone that a mortgagee lien
7  holder would, or could, claim entitlement to liability coverage.

### D. THE COURT WAS PROVIDED INSUFFICIENT EVIDENCE TO ACCURATELY DETERMINE NET WORTH.

As discussed in Allstate's renewed JMOL motion, Plaintiffs have failed to submit sufficient evidence to reasonably determine Allstate's net worth. (See Renewed Motion for JMOL, pp. 21-23.) In fact, Plaintiffs submitted no evidence at all which purports to set forth Allstate's net worth, and instead invited the Court to interpret a 130-page financial report to determine Allstate's net worth for itself. In doing so, Plaintiffs further invited the Court to assume that determining the reasonable value of a national insurance carrier, which Plaintiffs allege has a net worth of $14 billion, is essentially the same as determining the value of a lemonade stand and can be accomplished with one single arithmetic problem.

The Court cites no cases which would allow such an extrapolation. In Happel v. Wal-Mart Stores, Inc. 2007 WL 495277 at *3 (N.D. Ill. 2007), the court took judicial notice during motions in limine of the financial records which were made publicly available – but did not take judicial notice of defendant's net worth. Presumably, the evidence regarding net worth was provided by a suitable witness, using the information judicially noticed. Similarly, in Branch Bank & Trust Co. v. Beams, 2009 WL 362956 at *2 (E.D. Tenn. 2009) the court enforced an agreement that the parties would stipulate to net worth, but did not take judicial notice of it. Plaintiff was well aware of its burden to justify its claim for punitive damages, and chose not to meet that burden.

### E. MBM WAS NOT ENTITLED TO NOTICE OF A RENEWAL WITH A CHANGE IN COVERAGE IN ITS CAPACITY AS AN ADDITIONAL INSURED.

Allstate submitted in connection with the declaratory relief claim that it was not required to provide an additional insured with notice of a policy form change. As set forth in greater detail in Allstate's Renewed Motion for JMOL and Allstate's Motion for New Trial, this is because the policy and applicable California law only require Allstate to provide a named insured and additional named insured with notice of a policy form change. Allstate respectfully requests that this Court amend its findings to include a finding that Allstate was not required to provide notice of a policy form change to an additional insured; rather, Allstate was only required to provide notice of a policy form change to a named insured or additional named insured. Therefore, Allstate also respectfully requests that this Court amend its findings to find that MBM, in its purported capacity as an additional insured, was ***not*** entitled to notice of any policy form change.

### III. CONCLUSION

The evidence does not support the findings made with regard to the punitive damages award. As such, Allstate hereby requests that the Court alter or amend those findings to reflect that: 1) Plaintiffs have failed to show they were financially vulnerable, 2) the award for non-economic damages does not support the punitive damages award, 3) there is insufficient evidence to find reprehensibility as to Allstate, and 4) Plaintiffs failed to provide sufficient evidence to reasonably show Allstate's net worth.

/ / /

/ / /

/ / /

/ / /

/ / /

- 6 -

LA 51186257v1

In addition, Allstate requests that the Court amend its findings to find: 1) that Allstate was only required to provide notice of a policy form change to a named insured or an additional named insured, and 2) that MBM was not entitled to notice of the policy form change in its purported capacity as an additional insured.

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JAMES E. FITZGERALD
JASON R. BENDEL
BRIAN FODERA

By:     /s/ Jason R. Bendel
       Jason R. Bendel

Attorneys for Defendant
Allstate Insurance Company

- 7 -

LA 51186257v1

# **CERTIFICATION**

I hereby certify that, on September 16, 2009, a copy of the foregoing DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION TO ALTER OR AMEND FINDINGS was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's EM/ECF System.

By:     /s/ Brian Fodera
        Brian Fodera

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 1 -

LA 51186257v1