UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS):**

**DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW** (filed 09/16/09)

**DEFENDANT'S MOTION FOR NEW TRIAL** (filed 09/16/09)

**DEFENDANT'S MOTION TO ALTER OR AMEND FINDINGS PURSUANT TO FRCP 52(B)** (filed 09/16/09)

## I.    INTRODUCTION

The present action arises out of an insurance coverage dispute. On October 18, 2005, plaintiffs Metropolitan Business Management, Inc. ("MBM") and John Khaki filed the instant action against defendant Allstate Insurance Co. ("Allstate") in Los Angeles County Superior Court alleging (1) breach of contract; (2) tortious breach of the implied covenant of good faith and fair dealing; and (3) declaratory relief. On November 23, 2005, defendant timely removed to this Court on the basis of diversity of citizenship.

On May 26, 2006, this Court granted summary judgment for defendant. Plaintiffs timely appealed to the Ninth Circuit Court of Appeals. On June 11, 2008, the Ninth Circuit reversed this Court's grant of summary judgment and remanded the case for further proceedings.

On January 26, 2009, this Court denied plaintiffs' motion for summary judgment. The Court denied plaintiffs' motion as to their breach of contract claim because factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

disputes existed as to which policy form applied and whether plaintiffs were covered as "additional insureds" or "mortgagee insureds." The Court further denied plaintiffs' motion as to their breach of the implied covenant of good faith and fair dealing claim because the Court could not conclude that plaintiffs were unequivocally entitled to coverage. On March 16, 2009, the Court denied defendant's motion for summary judgment on the same grounds.

On July 9, 2009 the jury returned a verdict in favor of plaintiffs. The jury found

QUESTION NO. 1
        Did Allstate Insurance Company withhold any policy benefits owed to plaintiffs under the Allstate policy?
                Check one:
                  _X_ Yes
                  ____ No
. . .
QUESTION NO. 3
        Was Allstate's withholding of policy benefits unreasonable?
                Check one:
                  _X_ Yes
                  ____ No
. . .
QUESTION NO. 8
        Do you find that Allstate's conduct was malicious, oppressive or in reckless disregard of plaintiff's rights?
                Check one:
                  _X_ Yes
                  ____ No
. . .
QUESTION NO. 9

        Was the conduct constituting malice, oppression, or fraud committed by one or more officers, directors, or managing agents of Allstate acting on behalf of Allstate?
                Check one:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

    _X_  Yes
    ____  No
Special Verdict Form.

On July 6, 2009, defendant filed a motion for judgment as a matter of law, and on July 27, 2009, plaintiffs filed a request for declaratory relief. On August 6, 2009, the Court denied defendant's motion for judgment as a matter of law and granted plaintiffs' request for punitive damages in the amount of $3,000,000.

On September 16, 2009, defendant filed the instant renewed motion for judgment as a matter of law, a motion for a new trial, and a motion to alter and amend findings. On September 27, 2009, October 1, 2009, and October 5, 2009, plaintiffs filed their oppositions thereto. On October 9, 2009, defendant submitted its replies. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.   BACKGROUND

This lawsuit arises from defendant Allstate's failure to defend MBM and its sole shareholder and president, John Khaki, who were sued by Eliot and Cyndy Felman for alleged misrepresentations made in connection with the sale of property by Dominic Annino to the Felmans. August 31, 2009 Tr. ("8/31 Tr.") at 5:4-8. The property is located at 29244 Greenwater Road in Malibu, California ("the Greenwater property"). On October 3, 1988, MBM became the beneficiary of the first trust deed on the Greenwater property. 8/31 Tr. at 5:9-12. The Greenwater property was owned by Dominic Annino, who entered into a contract with MBM and Khaki to provide various services related to various properties owned by Annino. 8/31 Tr. at 5:15-25; Ex. 1. At the time the first trust deed was recorded on the Greenwater property, defendant issued the Landlords Package Policy, policy No. 014112981 ("the policy") form AU9700 to Annino, which provided first party coverage for damage to the property and third party general liability coverage. 8/31 Tr. at 6:17-20; Ex. 19. At the time policy form AU9700 was issued, MBM was a mortgagee of the Greenwater property. Joint Pretrial Order ¶ 6.

Form AU9700 provided that "[a]ll provisions of this policy apply to . . . mortgagees" and specifically provided coverage for misrepresentation claims brought by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

third parties against the insureds. Ex. 19 at 15, ¶ 9; 8/31 Tr. at 6:23-25. Plaintiffs provide evidence that on March 29, 1995, MBM requested that it be added to the policy as an insured, and defendant's insurance agent Haddad issued an insurance binder naming MBM as an insured. Trial Exhibs. 4, 31. In December 1997, defendant changed the policy to form AP529, but did not provide notice of this change to MBM or Khaki. Policy form AP529 did not provide general liability protection to mortgagees. 8/31 Tr. at 7:5-9; Ex. 75 at 17-18 ("All provision of Section I of this policy apply to these mortgagees").

On May 18, 2001, Eliot and Cyndi Felman sued MBM and Khaki for fraud and conspiracy seeking damages on the grounds that MBM had made misrepresentations with respect to the amount owing on its deed of trust encumbering the Greenwater property. 8/31 Tr. at 9:23-10:3; Joint Pretrial Order ¶¶ 14-15. Khaki and MBM tendered the Felman suit to defendant, which defendant rejected. Joint Pretrial Order ¶¶ 18, 22. Defendant's stated practice was to look to the policy form that was in effect at the time of the lawsuit and not investigate whether earlier policy forms applied. MBM and Khaki spent $387,153.43 defending the Felman suit. 8/31 Tr. at 5:7-8; Joint Pretrial Order ¶ 19.

## III.   LEGAL STANDARD

### A.   Judgment as a Matter of Law

Judgment as a matter of law is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. . ." Fed. R. Civ. P. 50(a)(1); see also Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 139, 149 (2000). If the court does not grant a motion for judgment as a matter of law pursuant to Rule 50(a), a party may file a renewed motion for judgment as a matter of law after the trial. Fed. R. Civ. P. 50(b). It is well-settled that the standard for judgment as a matter of law is the same as the standard for summary judgment. Reeves, 530 U.S. at 150 (citing Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 250-52 (1986)).

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | | Date | November 23, 2009 |
|---|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | | |

of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997); see also Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (articulating the same standard in the context of a directed verdict). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

In a motion for summary judgment, a court must review the record "taken as a whole." Matsushita, 475 U.S. at 587. Similarly, in entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. Reeves, 530 U.S. at 150. In so doing, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. Id. (citations omitted); see also Berry, 39 F.3d at 1057. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson, 447 U.S. at 255.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.  Reeves, 530 U.S. at 151 (citing 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529 at 299 (2d ed. 1995)).  In other words, the court should give credence to the evidence favoring the nonmovant as well as that "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses."  Reeves, 530 U.S. at 151 (citing Wright & Miller, supra, at 300).

### B.    New Trial

A court may grant a new trial if the jury's verdict is against the clear weight of the evidence.  Landes Const. Co., Inc. v. Royal Bank of Can., 833 F.2d 1365, 1371 (9th Cir. 1987).  In considering a Fed. R. Civ. P. 59 motion, the court may "weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party."  Id. at 1371-72 (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2806, at 48-49 (1973) ("If, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial.")).  However, the court should only grant a new trial if, without substituting its judgment for that of the jury, the court is firmly convinced that the jury made a mistake.  Landes Constr. Co., 833 F.2d at 1372.

### C.    Alter or Amend Findings

Fed. R. Civ. Pro. 52(b) states: "On a party's motion . . . the court may amend its findings—or make additional findings—and may amend the judgment accordingly."  The grounds for a motion to alter or amend findings pursuant to Rule 52(b) are (1) newly discovered evidence, (2) a change in the law, or (3) a manifest error of fact or law by the trial court.  Deutsch v. Burlington Northern R.R. Co., 983 F.2d 741, 744 (7th Cir. 1992).  Findings of fact are presumed correct and are only disturbed if clearly erroneous.  Torres-Lazarini v. United States, 523 F.3d 69, 72 (1st Cir. 2008).

## IV.    DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

### A.   Judgment as a Matter of Law

Plaintiffs argue that defendant's motion should be denied in its entirety as untimely, because Fed. R. Civ. Pro. 50(b) requires that a renewed motion for judgment be filed within ten days after the jury was discharged. Plaintiffs argue that the renewed motion was filed on September 16, 2009—sixty-eight days after the jury was discharged on July 10, 2009. Defendants respond that their motion was timely filed because none of the issues presented in the renewed motion is a jury issue. Reply at 2 (citing Fed. R. Civ. Pro. 50(b) ("No later than 10 days after the entry of judgment—or if the motion addresses an issue not decided by the jury verdict, no later than 10 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.")).

The Court entered judgment on September 1, 2009. Fed. R. Civ. Pro. 6(a)(2) provides that the Court must exclude weekends and holidays from the calculation of time permitted when the time period for filing is less than eleven days. Accordingly, defendant filed its motions within the time period permitted.

### 1.   Whether MBM's Status as a Mortgagee Entitles Plaintiffs to Liability Coverage

Defendant argues that form AU9700 does not provide liability coverage to mortgagees. Mot. at 2. First, defendant contends that as a mortgagee, MBM only had an insurable <u>interest</u> in the property, which was limited to the amount of Annino's debt. <u>Id.</u> at 3. Defendant argues that the Court's ruling has transformed a mortgagee with a limited interest in the <u>property</u> insurance proceeds into an insured for all purposes. <u>Id.</u> Second, defendant argues that property insurance (first party) and liability insurance (third party) are two entirely different forms of protection, and thus the "[a]ll provisions of this policy apply to these mortgages" language that appears only in Section I's property coverage cannot transform MBM into an insured for purposes of liability coverage. <u>Id.</u> at 4. Third, defendants contend that no case has ever held that a mortgagee or loss payee under the property coverage of a homeowners or landlord policy is entitled to liability coverage or a defense against a third party's claim. <u>Id.</u> Fourth, defendant argues that the "all provisions" language simply means that any claim by a mortgagee as a loss payee is subject to all terms and conditions in the policy, but does not mean that mortgagees are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

afforded liability coverage when they are only entitled to limited protection of their security interest under Section I - Property Coverage.  Id. at 5-6 (citing Bank of Am. Nat'l Trust and Sav. Ass'n v. Allstate Ins. Co., 29 F. Supp. 2d 1129 (C.D. Cal. 1998)). Defendant further argues that the strained extension of liability coverage to mortgagees violates public policy, because no insured would reasonably expect his or her mortgagee to be defended, at the insured's expense, for the mortgagee's acts in a suit solely against the mortgagee.  Id. at 6.

Defendant contends that liability coverage under Section II of AU9700 does not apply to a non-owner mortgagee, because this coverage is restricted to an "insured person" who must be an "owner" of the insured premises.  Id. at 8-9.  Defendant further contends that form AU9700 does not apply here because the underlying claim arose when AP529 was in effect, and thus the Court should have determined defendant's liability under AP529.  Mot. at 10.  Defendant argues that mortgagees are no more than lien holders with an interest in property to the extent of their loan/lien interest, and because they have a limited interest in property policy proceeds, the requirements for notice to lienholders are not as broad as those for insureds.  Id.  Defendant argues that no policy provision and no California statute required defendant to give notice of a change in policy language to mortgagees, and here only a change in policy occurred.  Id. at 11.  Defendant further argues that neither MBM nor Khaki was ever designated as a named insured.  Id. at 12.

Plaintiffs respond that they presented sufficient evidence for the jury to find that they were entitled to coverage under the policy as mortgagee insureds.[1]  Opp'n at 4-5.

---

[1] Plaintiffs argue that they presented evidence for the following propositions: plaintiffs were mortgagees of the insured premises from the inception of the policy; defendant knew that plaintiffs were listed as mortgagee insureds in 1995; AU9700 coverage required defendant to defend claims based on the tort of misrepresentation; AU9700 states that "[a]ll provisions of this policy apply to these mortgagees"; defendant's agent and coverage counsel testified at trial that the phrase "all provisions of the policy" included the provisions in Coverage X of AU9700; AU9700 required defendant to give mortgagees ten days notice if it cancelled or refused to continue or renew the policy: the evidence of insurance issued by defendant every year since 1988

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

Furthermore, plaintiffs argue that defendant's reliance on <u>Bank of America</u>, 29 F. Supp. 2d at 1129, for the proposition that AU9700 does not extend business liability protection to MBM is misplaced. <u>Id.</u> at 5-6. Plaintiffs argue that defendants misread <u>Bank of America</u>, because the case holds that all of the terms of the policy at issue apply to mortgagees. <u>Id.</u> Plaintiffs further argue that defendant did not present its public policy argument in its initial motion for judgment as a matter of law, and therefore the Court should reject it. <u>Id.</u> at 7 (citing <u>Freund v. Mycomed Amersham</u>, 347 F.3d at 761). Plaintiffs further contend that this newly created public policy has no judicial or legislative support, is contrary to established public policy regarding the interpretation of an insurance policy, and is not supported by the evidence in the record. <u>Id.</u>

Plaintiffs contend that defendant's argument that a mortgagee is not entitled to business liability protection under AU9700, because it has no ownership interest in the property was not made in the defendant's initial motion, and therefore it is waived. <u>Id.</u> at 8. To the extent the Court considers this new argument, plaintiffs argue that in California, the trustee of the deed of trust holds legal title to the property for the beneficiary until default, whereupon legal title passes from the trustee to the purchaser at a default sale. <u>Id.</u> at 9 (citing 4 Witkin, Summary of California Law, <u>Security Transactions in Real Property</u>, 5(1)(b) at 795 (10th Ed. 2005)). Plaintiffs argue that the trustee thus owns legal title to all property subject to a deed of trust and the beneficiary identified in a deed of trust has an equitable ownership interest in the real property, which is recognized as a separate insurable interest. <u>Id.</u> (citing Croskey, Heeseman, Popik & Imre, <u>Cal. Prac. Guide: Insurance Litigation</u>, 6B-B (The Rutter Group 2009)). Plaintiffs argue that MBM, as the beneficiary of the deed of trust, has an equitable interest in the ownership of the insured premise. <u>Id.</u> Plaintiffs contend that the requirements of business liability under AU9700 were satisfied, because plaintiffs had an equitable ownership interest and the Felman lawsuit arose from a dispute about their ownership

---

required defendant to give notice to the MBM if the coverage provided in AU9700 is terminated; defendant did not give plaintiffs notice that it was refusing to continue coverage for misrepresentation and was reducing coverage to mortgagees when it replaced AU9700 with AP529; and the broader coverage in AU9700 applies to the Felman lawsuit because defendant did not give notice to MBM of the reduction in coverage. Opp'n at 3-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

interests. Id. at 10 (citing Presley Homes Inc. v. Am. States Ins. Co., 90 Cal. App. 4th at 576).

Finally, plaintiffs argue that AU9700 applies because defendant did not give notice to plaintiffs that it refused to continue or renew AU9700 as required by law. Id. at 10-12 (citing Allstate Ins. Co. v. Fibus, 855 F.3d at 663 (requiring an insurer to give notice when it is reducing coverage and apply the broader coverage of the earlier policy when coverage is given)). Plaintiffs argue that such notice must be given to any person known to the insurer as an insured, even if they are not a "named insured," and defendant knew that MBM was "listed" as an insured in its records. Id. at 12 (citing Kotlar v. Hartford Ins. Co., 83 Cal. App. 4th 1116 (2000)). Plaintiffs argue that defendant's reliance on the phrase "named insured," a term not defined in the policy, does not relieve it of its contractual duty to give notice. Id. at 12-13.

On August 6, 2009, this Court ruled that plaintiffs were entitled to coverage under the policy as mortgagee insureds, and that plaintiffs were entitled to notice of the policy changes. For the same reasons, the Court again finds that plaintiffs were entitled to coverage under the policy as mortgagee insureds. For the reasons cited above, the Court finds defendant's new public policy argument and new ownership interest argument unsubstantiated and thus unpersuasive.

**2.      Whether Plaintiffs Were Acting as Property Managers**

Defendant argues that assuming AU9700 applied and that MBM was added as an additional insured on the AU9700 policy, MBM was only requesting to be added in the capacity of property manager, and not as a named insured or an additional named insured. Mot. at 12. Defendant contends that because the underlying allegations against MBM and Khaki were not in their capacity as a property manager, the policy would not cover that claim. Id. at 12-13.

Plaintiffs respond that MBM was required to be involved in the sale of the insured premises in its capacity as property manager and mortgagee. Opp'n at 13. Plaintiffs argue that they presented evidence that in 1995, MBM specifically requested that it be added as an insured to the policy as property manager, and that defendant specifically issued a binder adding MBM to the policy. Id. Plaintiffs assert that because MBM was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

an insured under AU9700 in both capacities, it was entitled to coverage and defendant should have defended the Felman lawsuit.  Id.

To the extent defendant argues that MBM and Khaki cannot as a matter of law be covered under the policy, that contention is contrary to the law of the case.  See Metropolitan Bus. Mgmt., Inc., v. Allstate Ins. Co., 282 Fed. Appx. 544 (9th Cir. 2008). Moreover, the Court finds that plaintiffs presented sufficient evidence at trial that MBM was an insured under AU9700 in the capacity of property manager, and thus its business liability was covered under the policy.

### 3. Whether the Policy Provides for Coverage of Intentional Conduct

Defendant argues that the policy did not provide for coverage for intentional acts, but only provides liability for accidents, and because an accident is "never present when the insured performs a deliberate act," defendant had no duty to defend plaintiffs.  Mot. at 13-14.  Plaintiffs respond that AU9700 required defendant to defend claims based on the tort of misrepresentation, and that the Ninth Circuit has already concluded that "under the policy language, and under California law, the word 'misrepresentation' encompasses the causes of action for fraud in the underlying action in this case."  Id. at 15 (citing Metropolitan Bus. Mgmt., Inc., 282 Fed. Appx. at 544).

On August 6, 2009, this Court found that

policy form AU9700 clearly provides that all provisions of the policy apply to mortgagees, including coverage X, which provides coverage for claims of misrepresentation.  Considering the plain meaning of "[a]ll provisions of this policy apply to mortgagees," and the trial testimony of defendant's agent, the Court concludes that plaintiffs were entitled to coverage for the misrepresentation claims in the underlying suit as mortgage insureds. Haynes v. Farmers Ins. Exch., 32 Cal. 4th 1198, 1204 (2004) ("When interpreting a policy provision, we give its words their ordinary and popular sense except where they are used by the parties in a technical or other special sense.").

For the same reasons, the Court again makes this finding.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|----------|----------------------|------|-------------------|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

### 4.    Whether the Bad Faith Claims Fail as a Matter of Law

Defendant first argues that because MBM was not entitled to defendant's liability coverage, MBM's bad faith claim fails as a matter of law.  Mot. at 14.  Second, defendant argues that it could not be found to have acted in bad faith for lacking the foresight to know that the mortgagee would rely on a policy form superceded years before the misrepresentation was even made.  Id. at 14-15.  Third, defendant argues that a decision to withhold benefits is not done in bad faith if a "genuine issue" exists concerning the insurer's duty to pay, and here there was a genuine legal dispute as to whether plaintiffs were entitled to a defense by defendant.  Id. at 15-16 (citing Wilson v. 21st Century Ins. Co., 42 Cal. 4th 713, 723 (2007)).  Defendant argues that even if it was incorrect in withholding benefits, it was not unreasonably incorrect in its coverage position, and thus it should not be found to have breached the implied covenant of good faith and fair dealing.  Id.  Defendant argues that the Court's decision to grant summary judgment to defendant in 2006 is proof that it did not act unreasonably or in bad faith in taking the position it did.  Id. at 17.

On August 6, 2009, this Court ruled that defendant was not entitled to judgment as a matter of law on plaintiffs' bad faith claim.  For the same reasons, the Court again makes this finding.

### 5.    Whether Khaki Has Standing to Assert a Claim for Coverage as a Mortgagee

Defendant argues that while the non-economic damages award in this case consists entirely of emotional distress damages purportedly suffered by Khaki, Khaki is not entitled to receive such damages, because he is not entitled to coverage as a mortgagee.  Mot. at 17.  Defendant argues that plaintiffs submitted no evidence that Khaki was a party to the insurance policy, or that he was afforded any coverage beyond that as of a property manager.  Id.  Defendant argues that the fact that Khaki or MBM acted as a property manager is irrelevant because Felman did not sue Khaki in his capacity as property manager.  Id.  Defendant asserts that under California law, a sole shareholder of an insured company is not a party to the insurance contract and lacks standing to sue the insurer for breach of the implied covenant.  Id. at 18 (citing Seretti v. Nat'l Ins. Co., 71 Cal. App. 4th 920, 925-26, 931 (1999)).  Defendant further asserts that being president or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|----------|----------------------|------|-------------------|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

a shareholder of MGM provided Khaki no standing to sue under the mortgagee provisions of the AU9700 form, which only provides that mortgagees listed on the declarations page are covered by the policy.  Id. (citing <u>Republic Indemnity Co. v. Schofield</u>, 47 Cal. App. 220 (1984) (finding that former officers and directors of insured employer lacked standing to sue insurer for bad faith)).  Defendant argues that because a corporation cannot recover emotional distress damages, neither Khaki nor MBM was entitled to such damages and the award to Khaki must be vacated.  Id.

Plaintiffs contend that this argument was not raised in the defendant's initial motion for judgment as a matter of law, and thus should be disregarded.  Opp'n at 2.  Plaintiffs argue that Khaki has standing as an insured person, a listed insured, a mortgagee insured, and, as found by this Court in its order dated May 26, 2008, by reasons of the allegations in the Felman lawsuit.[2]  Id. at 22.  Furthermore, plaintiffs argue that defendant's admission in the opening statement that MBM and Khaki were insured persons and the evidence adduced at trial from which the jury found that MBM was a listed insured makes Khaki an insured person.  Id.  Plaintiffs contend that Khaki is the sole shareholder of MBM and the definition of an "insured person" in AU9700 includes the shareholder of a corporation which is an insured person.  Id. (citing Trial Ex. 19, at 3 ("Insured person" means: . . . . c) if you are shown on the declarations page as other than an individual, partnership or joint venture, the organization directors trustees or governors, or any stockholder of the organization, while acting within the scope of their duties")).

The Court again finds that Khaki has standing.  Because the definition of an "insured person" in AU9700 includes the shareholder of a corporation when acting in the scope of his duties, and because Khaki was acting in the scope of his duties for purposes of the Felman lawsuit, he was covered for business liability under AU9700.

## 6.     Whether Punitive Damages Are Warranted

---

[2] Plaintiffs argue that this Court held that Khaki had standing, stating: "Therefore, the underlying complaint, standing alone, raises the possibility that MBM/Khaki were 'employees' of Annino, and thus 'insured persons' under the express terms of either a form AP529 or a form AU9700 policy."  Opp'n at 22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|----------|----------------------|------|-------------------|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

Defendant argues that assuming a bad faith verdict was proper, a finding that an insurer acted unreasonably does not automatically entitle a plaintiff to punitive damages, and defendant's position was not malicious, oppressive, or fraudulent as a matter of law. Mot. at 19-21.  Defendant contends that a simple coverage dispute between an insurer and insured cannot form the basis of a punitive award.  Id. at 20 (citing Tomaselli v. Transamerica Ins. Co., 25 Cal. App. 4th 1269, 1286 (1994); Shade Foods Inc. v. Innovative Product Sales & Marketing, Inc., 78 Cal. App. 4th 847 (2000)).  Defendant argues that many courts have observed that punitive damages are "most commonly" available when the insurer has shown a "continuous policy" of claims stonewalling or an established practice or policy harmful to insureds.  Id. at 20-21 (citing Tomaselli, 25 Cal. App. 4th at 1287)).

Defendant further argues that plaintiffs did not meet their burden of presenting competent, admissible evidence of defendant's financial condition.  Id. at 22.  Defendant asserts that plaintiffs performed no discovery into defendant's financial condition, and finally stipulated that the Court could decide the amount of damages without calling any experts or authenticating any financial documents.  Id.  Instead, defendant argues that plaintiff improperly sought "judicial notice" of defendant's financial condition by submitting a simplistic net worth calculation not approved by any accounting authority.  Id. (citing Hennessy v. Penril Datacom Networks, Inc., 69 F3d 1344, 1354-55 (7th Cir. 1995)).  Defendant argues that it was deprived of its ability to cross-examine plaintiffs' witnesses regarding the relevant net-worth number.  Id. at 22-23.

Defendants contend that plaintiffs presented insufficient evidence to sustain a punitive damages award based on ratification, because there was no evidence that defendant's officers, directors, or managing agents had actual knowledge that Kinsel or Meraz had acted maliciously.  Id. at 24-25 (citing College Hospital, Inc. v. Superior Court, 8 Cal. 4th 704 (1994); Cruz v. Home Base, Inc., 83 Cal. App. 4th 160 (2000)).

Plaintiffs contend that defendant's self-authenticating, publicly filed financial statement dated March 31, 2009—attested to and signed by three officers—was properly judicially noticed.  Opp'n at 23.  Plaintiffs argue that the evidence at trial established that defendant had a corporate practice and procedure not to examine whether prior policies provided broader coverage to insureds when determining whether to accept a tender of defense.  Id. at 23-24.  Plaintiffs assert that this practice and procedure granted adjusters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|----------|----------------------|------|-------------------|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

authority to deny claims, in an effort to shield defendant from bad faith and punitive damages claims. Id. at 24-25 (citing Egan v. Mutual of Omaha, 24 C.3d 809, 822-23 (1979); Textron Fin. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburg, 118 Cal. App. 4th 1061, 1079 (2004)). Plaintiffs further argue that the evidence established that defendant had advanced knowledge that its practices and procedures violated the law because plaintiffs' attorneys sent a letter to defendant's General Counsel and Audit Committee (comprised of members of the Board of Directors) on November 13, 2006 informing them of the bad faith actions taken by its employees in this matter. Id. at 24 (citing Exhibit 28). Plaintiffs assert that defendant has not denied the letter's receipt. Id.

The Court finds that the defendant's quarterly financial statement was properly noticed, for the reasons set forth in the Court's punitive damages order dated August 6, 2009. The Court further finds that a punitive damages award is appropriate, because plaintiffs put forth sufficient evidence for the jury to determine that defendant's conduct was malicious, oppressive, or fraudulent. Moreover, plaintiffs put forth sufficient evidence of ratification. See Egan, 24 Cal. 3d at 822-23 ("When employees dispose of insured's claim with little if any supervision, they possess sufficient discretion for the law to impute their actions concerning those claims to the corporation.").

**B.     New Trial**

**1.     Whether the Verdict Was Against the Clear Weight of the Evidence**

Defendant repeats its arguments that plaintiffs were not entitled to notice when defendant altered the policy, and thus that the clear weight of the evidence does not support such a jury finding. Mot. at 1-7. Defendant further contends that the clear weight of the evidence does not support a finding that MBM was entitled to coverage for the claim. Id. at 7. Plaintiffs respond, repeating their arguments that the clear weight of the evidence supports a finding that MBM and Khaki were entitled to coverage for this claim, and list the evidence that was offered to support such a finding. Opp'n at 1-12.

Pursuant to its previously stated reasons in this order and its August 6, 2009 order, the Court determines that a jury finding that plaintiffs were entitled to coverage under the policy as mortgagee insureds is not against the clear weight of the evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|----------|----------------------|------|-------------------|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

### 2. Whether the Court Erred in Failing to Instruct on Critical Legal Issues

Defendant argues that the Court erred in refusing to instruct the jury on California Insurance Code section 768, which requires notice of a policy form change to be given only to the named insured.[3]  Mot. at 8.  Defendant asserts that the Court also erred in refusing defendant's proffered instruction on whether the policy provided liability coverage to mortgagees.[4]  Id.

Plaintiffs respond that section 768 sets forth the minimum notice requirement for an insurer, but that AU9700 contains specific contractual notice provisions that required defendant to give mortgagee insureds ten days notice and added insured thirty days notice if it cancelled or refused to continue or renew the policy.  Id. at 16-17 (citing Trial Ex. 19, page 5, 16).  Plaintiffs further argue that defendant's proffered instruction on whether the policy provided liability coverage to mortgagees was an incorrect statement of law, because no cases have considered whether a mortgagee is entitled to business liability coverage and no case has construed AU9700.  Id. at 17-18.  Plaintiffs assert that defendant's proposed instruction was misleading because it ignored the plain language of AU9700 that "[a]ll provisions of this policy apply to these mortgages."  Id. at 18.

The Court agrees.  For the reasons set forth by plaintiffs, the Court finds that it did not err in refusing to instruct the jury using defendant's proffered instructions.

### 3. Whether the Court Erred in Allowing Plaintiffs' Expert to Testify on Legal Issues

---

[3]Defendant proposed the following instruction: "An insurance company is only required to provide a notice of a policy change to a named insured.  It is not required to provide a notice of a policy change to an additional insured unless he or she is an additional named insured."

[4] Defendant's requested instruction provided: "Neither Allstate insurance policy form AP529 or AU9700 provides liability coverage to mortgagees.  Therefore, Allstate has no duty to defend a mortgagee under form AP529 or AU9700."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|----------|----------------------|------|-------------------|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

Defendant argues that it was prejudiced when the Court allowed plaintiffs' expert Erwin Adler to testify on legal issues that are distinctly within the Court's province. Mot. at 9 (citing <u>Devin v. U.S. Auto. Assn.</u>, 6 Cal. App. 4th 1149, 1157, n.5 (1992) ("The interpretation of the scope of a policy is a question of law. . . . Experts may not opine on pure questions of law.")). Over objection, this expert testified regarding the following legal issues: (1) what it meant that "MBM is listed as an additional insured"; (2) whether defendant had "proper cause" to deny a defense to MBM and Khaki with respect to the tendered lawsuit; and (3) the coverages afforded by policy form AU9700 and those eliminated in AP529. <u>Id.</u> Plaintiffs respond that their expert testified on factual, not legal issues, and limited his testimony to his expert opinion on the factual issues submitted to the jury's decision under Jury Instructions 19 and 20. Opp'n at 19. The Court agrees, finding that it did not err in permitting this testimony.

### 4. Whether the Emotional Distress Award Is Excessive

Defendant argues that the jury's emotional distress award shows that the jury abdicated its responsibility to weigh the evidence and assess the dollar value of Khaki's distress according to the evidence, because the verdict shows that the jury simply subtracted the costs of defending the Felman suit from the $1 million limit of the liability coverage. Mot. at 11. Defendant further argues that the $612,846.57 award is excessive in relation to the evidence, and to other emotional distress awards under California law. <u>Id.</u> (citing <u>Grassilli v. Barr</u>, 142 Cal. App. 4th 1260, 1266 (2006) (awarding $290,000 in emotional distress damages for the longtime harassment of plaintiff by defendant officers)).

Plaintiffs argue that the jury had good reason to award emotional distress damages of $612,846.57 to Khaki. Opp'n at 21-22. Plaintiffs assert that Khaki experienced extreme emotional distress, including significant economic loss, physical symptoms, and personal injuries, during the four year Felman lawsuit, and has continued to experience emotional distress since then because defendant has refused to reimburse him, thus preventing him from restoring the family savings and his children's college funds. <u>Id.</u> The Court agrees that the emotional distress award made by the jury is not against the clear weight of the evidence.

### 5. Whether the Punitive Damages Award Must be Reduced or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | | Date | November 23, 2009 |
|---|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | | |

**Eliminated**

Defendant repeats its arguments that there is no clear and convincing evidence that defendant acted maliciously, oppressively, or fraudulently. Mot. at 12. Defendant argues that an unreasonable coverage position is not enough to show malice, fraud or oppression, and that defendant did not act with a willful intent to injure. Id. at 12-13. Defendant repeats its assertions that it had legitimate grounds for believing that MBM was not entitled to any liability coverage under the policy in force when the misrepresentations alleged in the underlying action were made. Id. at 14.

Defendant argues that the $3 million award is excessive as a matter of law and fact, because none of <u>Campbell</u>'s reprehensibility factors are satisfied.[5] Id. at 16-19 (citing <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408, 418 (2003)). Defendant further argues that the punitive damages award violates federal due process with respect to the ratio of punitive to compensatory damages, because (1) the $387,000 award of policy benefits cannot be considered and (2) the $612,000 award of emotional distress damages to Khaki fails as a matter of law. Id. at 20. Defendant argues that when both contract and tort compensatory damages have been awarded in an insurance bad faith case, only the tort damages may be considered in evaluating whether the ratio is excessive. Id. (citing <u>Textron Fin'l Corp. v. Nat'l Union Fin. Ins. Co. of Pittsburgh</u>, 118 Cal. App. 4th 1061, 1084 (2004)). Defendant again asserts that the tort damages of $612,000 in emotional damages cannot be considered valid because Khaki was not insured under the policy. Id. Further, defendant argues that even assuming either or both of the compensatory damages can be considered, the award is still excessive under <u>Campbell</u> because it does not meet the ratio of 1:1 required when there has been a large compensatory damages award. Id. (citing <u>Campbell</u>, 538 U.S. at 425).

---

[5] Defendant argues that under <u>Campbell</u>, in evaluating the defendant's reprehensibility, courts must consider whether: (1) the harm was physical as opposed to economic; (2) defendant showed conscious disregard for the health or safety of others; (3) the target of the conduct was financially vulnerable; (4) the conduct was an isolated incident or instead a repeat act; (5) the harm was mere accident, or instead the product of intentional malice, trickery, or deceit. Mot. at 16 (citing <u>Campbell</u>, 538 at 419).

**CIVIL MINUTES - GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

Finally, defendant argues that the punitive damages award is excessive when comparing it to civil penalties that could realistically be imposed on the defendant for comparable misconduct. Id. at 21-22 (citing Campbell, 538 U.S. at 428). Defendant argues that California's statutory penalties for unfair claims practices include a civil penalty of $5,000 for each act, or if the practice was willful, $10,000 for each act, and that these civil penalties cannot possibly justify a $3 million punitive damages award. Id. at 22 (citing Cal. Ins. Code § 790.035(a)).

Plaintiffs respond that they presented clear and convincing evidence of defendant's malice and willful disregard of plaintiffs' rights to the jury. Opp'n at 22-23. Plaintiffs argue that the following evidence confirms the jury's findings of malice and willful disregard of plaintiffs' rights: (1) defendant's witnesses testified that it was and remains defendant's policy not to follow the law by refusing to apply broader coverage to a policy holder's claims; (2) defendant concealed AU9700 and related records from its claims analyst and coverage counsel when they considered the tender of the underlying lawsuit; (3) defendant concealed documents and computer records so it could present false testimony to the jury; (4) defendant falsely represented that AU9700 and AP529 were substantially similar and offered the same coverage to MBM and then claimed the policies were materially different to continue denying policy benefits to MBM; (5) defendant concealed at trial documents showing that plaintiffs had been added as insureds in 1995; (6) defendant ignored its employees' confirmation that MBM was an insured so it would not have to defend a claim for misrepresentation; (7) defendant withheld AU9700 and did not disclose it until after it had filed its first motion for summary judgment; (8) defendant refused to pay policy benefits to plaintiffs for more than eight years; and (9) defendant's senior management approved the misconduct. Id.

Furthermore, plaintiffs assert that they demonstrated their financial vulnerability, as shown by Khaki's need to use his family's savings and children's college funds to pay for the successful defense of the suit. Id. at 23-24. Plaintiffs argue that the clear and convincing evidence satisfied the Campbell reprehensibility factors.[6] Id. at 24. Plaintiffs

---

[6] Plaintiffs contend that the clear and convincing evidence satisfied the Campbell reprehensibility factors: (1) Khaki suffered physical injury because he suffered anxiety, stress, headaches, sleeplessness, shortness of temper, and weight gain, and he started

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

argue that the punitive damages award with a ratio of 3-1 is appropriate in light of the evidence in this case, and that an award of less than three million dollars for a company whose net worth exceeded $14 billion dollars would be insufficient to deter defendant in the future.  Id. at 25 (citing TXO Production Corp. v. Alliance Resources Corp., 509 U.S. 443, 446 (1993) (526-1 ratio); Textron Fin. Corp. v. National Union Fire Ins. Co., 118 Cal. App. 4th 1061, 1086 (2004) (4-1 ratio)).

The Supreme Court has "instructed courts reviewing punitive damages to consider three guideposts: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases."  Campbell, 538 U.S. at 418.  However, "the most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct."  BMW of North America, Inc. v. Gore, 517 U.S. 559, 575 (1996).  To determine the reprehensibility of a defendant, a court must consider whether: "the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident."  Campbell, 538 U.S. at 419.  "The existence of any one of these factors weighing in favor of a plaintiff may not be sufficient to sustain a punitive damages award; and the absence of all of them renders any award suspect. It should be presumed a plaintiff has been made whole for his injuries by compensatory damages, so punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or

---

smoking; (2) defendant concealed and misrepresented records, even at trial, demonstrating a conscious disregard for plaintiffs' rights; (3) plaintiffs were financially vulnerable, as Khaki had to resort to his family savings and children's college funds; (4) defendant's conduct of refusing to investigate applicable policies is a practice that it has followed for at least the past eight years; and (5) plaintiffs' harm was not an accident, but the result of concealment, misrepresentation, and a corporate policy not to investigate claims.  Opp'n at 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | | Date | November 23, 2009 |
|---|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | | |

deterrence." <u>Id.</u>

The Court hereby reconsiders its punitive damages award of $3,000,000. Plaintiff Khaki suffered emotional distress damages, and he was financially vulnerable. <u>See id.</u> Furthermore, defendants have refused to pay policy benefits to plaintiffs for more than eight years. <u>See Textron Fin. Corp.</u>, 118 Cal. App. 4th at 1086 (finding that the defendant insurance company engaged in reprehensible conduct when it "persisted in its denial of a defense for [the plaintiff-employer] and its denial of overage for [the injured employee] for a period of 18 months," but reducing the punitive damages award to a ratio of four times the relevant compensatory damages for other reasons). The Court does not believe there is cause to disturb the jury's finding that plaintiffs' harm resulted from defendant's conduct that was malicious, oppressive, or in reckless disregard of plaintiff's rights, and thus that defendant's conduct was not "mere accident." <u>See Campbell</u>, 538 U.S. at 419. Notwithstanding this fact, however, this case is unique, and it does not appear that defendant is likely to repeat the conduct at issue in this case. As such, the Court reduces the punitive damages award to $2,000,000.

For the foregoing reasons, the Court finds that the jury's verdict was not against the clear weight of the evidence, and accordingly DENIES defendant's motion for a new trial. <u>See Landes Const. Co., Inc.</u>, 833 F.2d at 1371. However, the Court hereby reduces the punitive damages award from $3,000,000 to $2,000,000.

### C.   Alter or Amend Findings

Defendant argues that the following findings by the Court are not supported by the evidence: (1) that plaintiffs were financially vulnerable; (2) that the minimal showing of general damages supports the punitive damages award; (3) that defendant's actions were reprehensible; and (4) that sufficient evidence of net worth was not provided. Mot. at 1-6. In addition, defendant requests that the Court amend its findings to find: (1) that defendant was only required to provide notice of a policy form change to a named insured or an additional named insured; and (2) that MBM was not entitled to notice of the policy form change in its purported capacity as an additional insured. <u>Id.</u> at 1.

The Court disagrees. For the reasons stated previously in this order and in its August 6, 2009 orders, the Court concludes that it did not manifestly err in making any of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-8306 CAS (CWx) | Date | November 23, 2009 |
|---|---|---|---|
| Title | METROPOLITAN BUSINESS MANAGEMENT, INC.; ET AL. v. ALLSTATE INSURANCE COMPANY | | |

the above listed findings, except in regard to the previously discussed punitive damages award amount.  Accordingly, the Court DENIES in part and GRANTS in part plaintiff's motion to alter or amend its findings pursuant to Rule 52(b).

**V.     CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES defendant's motion for judgment as a matter of law, motion for a new trial, and motion to alter or amend findings pursuant to Fed. R. Civ. Pro. Rule 52(b), except to the extent that the Court reduces the punitive damages award to $2,000,000.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |